UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CAMERON INTERNATIONAL TRADING CO.,
INC. d/b/a CARSON OPTICAL and
 LEADING EXTREME OPTIMIST
INDUSTRIES LTD.,

|  |  |
|---|---|
| Plaintiff(s), | **REPORT AND** |
|  | **RECOMMENDATION** |
| -against- | CV03-2496 (JS) (WDW) |

HAWK IMPORTERS, INC., SHYAM BAHETI,
and RAM BAHETI,
                              Defendant(s).
----------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Seybert are the defendants' motion to

dismiss and the disposition of the order that the defendants show cause why the plaintiff's

application for enforcement of a settlement agreement not be entered.  For the reasons set forth

herein, I recommend that the motion to dismiss be DENIED and the application for enforcement

of the settlement agreement be GRANTED.

**BACKGROUND**

The plaintiffs, Cameron International Trading Co., Inc. d/b/a Carson Optical, and Leading

Extreme Optimist (collectively, "Carson"), import, sell and distribute optical devices.   In 2003,

they commenced this action, asserting claims for copyright infringement, trade dress

infringement, trademark infringement, false designation of origin, unfair competition and

deceptive business practices against the defendants, Hawk Importers, Inc., Shyam Baheti, and

Ram Baheti (collectively, "Hawk").  The claims arose out of Hawk's manufacture, distribution

and sale of optical devices that infringed upon Carson's copyright, trademark and other rights in

its products.  The parties settled the lawsuit, and entered into a Stipulation of Settlement on

September 20, 2004.  The Stipulation provided, in part, that:

> 19. The parties hereby agree that the United States District Court for the Eastern
> District of New York shall retain jurisdiction over the Litigation for the purpose
> of enforcing, if necessary, the Stipulation of Settlement and Order and that Such
> Court shall have exclusive jurisdiction over the Litigation for that purpose.
>
> 20. . . . the parties alleging a default or violation may apply to the United States
> District Court for the Eastern District of New York to enforce this Stipulation of
> Settlement and Order . . . The prevailing parties in any such action shall be
> entitled to their reasonable attorneys' fees.

DE[27], Cameron Decl., Ex. 1 at ¶¶19 & 20.

On November 15, 2004, this court "so ordered" the Stipulation of Settlement and Order.

DE[24].  Thereafter, the parties executed a stipulation of dismissal with prejudice, which the

court so ordered on January 6, 2005.  DE[26].  The Stipulation of Dismissal provides that:

> [The parties] having entered into a Stipulation of Settlement and Order that has
> been "so ordered" by this Court, and Defendants having timely paid the
> Settlement Payment pursuant to such Stipulation of Settlement and Order, IT IS
> HEREBY STIPULATED AND AGREED by and between Plaintiffs and
> Defendants, by their undersigned counsel, that the [Litigation] be dismissed with
> prejudice to all parties, with each party to bear its own costs and attorney fees.

DE[26].

On March 20, 2009, Carson sent Hawk a letter asserting that Hawk had engaged in

infringing activity in breach of the Stipulation of Settlement and giving them an opportunity to

cure.  Carson received no response from Hawk, and started the current Enforcement Motion on

April 13, 2009, seeking leave to reopen the case and the entry of an order to enforce the terms of

the Stipulation.  *See* DE[27] & [28].  On October 1, 2009 Judge Seybert ordered Hawk to show

cause why the case should not be reopened and an order of enforcement entered, and referred the

Order to Show Cause to me. DE[36]. After several adjournments and an unsuccessful effort to

settle the matter, a hearing was scheduled for March 2, 2010. On March 1, 2010, the defendants

filed the motion to dismiss. DE[47]. The order to show cause hearing went forward on March 2,

with decision reserved (DE[48]) and neither party introducing any witnesses. Judge Seybert

referred the motion to dismiss to me on March 3, 2010 (DE{49]), and the plaintiff entered

opposition to that motion on March 11, 2010 (DE[50]), with a reply entered by the defendants on

March 18, 2010 (DE[52]).

## DISCUSSION

**Motion to Dismiss**

The defendants argue that the court should dismiss this case for lack of jurisdiction,

relying on *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994). In *Kokkenen,* the Supreme

Court held that the district courts lack jurisdiction over breach of contract claims involving

settlement agreements, where the Stipulation of Dismissal ordered by the court did not refer to

the settlement agreement or reserve District Court jurisdiction to enforce it. Here, Hawk argues,

although the Stipulation of Settlement and Order reserved jurisdiction, the Stipulation of

Dismissal did not, and this court thus lacks jurisdiction. It does not.

*Kokkonen* found that the situation therein "would be quite different if the parties'

obligation to comply with the terms of the settlement agreement had been made part of the order

of dismissal -either by separate provision (such as a provision 'retaining jurisdiction' over the

settlement agreement) **or by incorporating the terms of the settlement agreement in the order**.

In that event, a breach of the settlement agreement would be a violation of the order, and ancillary

jurisdiction to enforce the agreement would therefore exist." 511 U.S. at 381 (emphasis added).

3

That is precisely the situation here. Both the Stipulation of Settlement itself, which expressly

retained jurisdiction and was so ordered by the court, and the Stipulation of Dismissal, which

incorporated the terms of the Settlement Agreement by reference to it in the order, provide the

jurisdictional basis for this enforcement action. *See also Ningbo Homexpo Co., Ltd. v. United B*

*International Corp.,* 2009 U.S. Dist. LEXIS 69716, *3 (E.D.N.Y. May 4, 2009) (enforcement

jurisdiction where settlement agreement contained clause retaining jurisdiction and court's

dismissal order referred to, and thus arguably endorsed, the settlement agreement.); *adopted at*

2009 U.S. Dist. LEXIS 69730 (E.D.N.Y. Aug. 5, 2009). And, as the court in *Ningbo Homexpo*

pointed out, even if there were some ambiguity about whether the court retained jurisdiction (and

there is none here), that ambiguity "should be resolved in favor of retention because that was the

intent of the parties and was likely an incentive for one side or the other to agree to the settlement.

Giving effect to the clause would therefore encourage parties in the future to reach settlements

where retention of jurisdiction was important." 2009 U.S. Dist. LEXIS 69716 at *4.

For these reasons, I recommend that the motion to dismiss be denied.

**Enforcement of the Settlement Agreement**

The plaintiffs have asked the court to enter an order:

 (1) finding that Hawk's rimless magnifier (item number MG7613), Hawk's portable
folding loupe magnifier (item number MG715AA), and Hawk's hands free magnifier (its
item number MG2515) copy the respective molds of Plaintiffs' RIMFREE rimless
magnifier (Leading Extreme item number RLB90), Carson's TriView TV-15 portable
folding loupe magnifier (Leading Extreme item number MP30), and Carson's MagniFree
HF-15 hands free, lighted, hanging magnifier (Leading Extreme item number 2512+LBIl),
and that Defendants' importation, distribution and sale of such items violated the
Stipulation of Settlement and Order;
(2) prohibiting defendants from manufacturing, advertising, offering for sale and selling
the aforementioned products and any other products that copy Plaintiffs' intellectual
property, including, but not limited to, any reproductions, copies, counterfeit or

colorable imitations of the aforementioned products, which shall include destroying any and all catalogs or catalog pages that display or otherwise reference the infringing products, and removing from any Hawk or Hawk affiliate websites any and all advertisements, depictions of or references to the infringing products;

(3) requiring that Defendants produce to Plaintiffs true and accurate copies of all books, records and other documents including, but not limited to, invoices, records of payment, agreements, and all correspondence relating to the manufacture and sale of any magnifier products that copy plaintiffs' intellectual property, including, but not limited to, any reproductions, copies, counterfeit or colorable imitations of the Infringing Magnifier, the Infringing Loupe and the Infringing Hands Free Magnifier, as well as any other products that copy Plaintiffs' designs;

(4) requiring that Defendants provide Plaintiffs with a detailed accounting of their profits realized from the sale of any magnifier products that copy Plaintiffs' intellectual property, including, but not limited to, any reproductions, copies, counterfeit or colorable imitations of the aforementioned products, as well as any other magnifier products that copy our clients'designs; and

(5) on the basis of the above records and accounting, requiring Defendants to pay Plaintiffs their profits from such violations as well as to reimburse Plaintiffs for their costs, expenses and reasonable attorney's fees in reopening and prosecuting this action.

In support of their application, the plaintiffs submitted the Declarations of Robert J. deBrauwere and Richard Cameron, with relevant exhibits. DE[27]. In his declaration, Mr. deBrauwere points to a provision of the Settlement Agreement that barred Hawk from importing, distributing or selling "any magnifier or optical device that wholly copies the mold of any Carson Optical or Leading Extreme magnifier or optical device identified in Exhibit A" to the Stipulation of Settlement. deBrauwere Decl., ¶5. Exhibit A to the Stipulation of Settlement lists numerous Carson and Leading Extreme devices, including Carson's RM-95 RIMFREE rimless magnifier (Leading Extreme item number RLB90), Carson's Tri-View TV-15 portable folding loupe magnifier (Leading Extreme item number MP30) and Carson's Magni-Free HF-15 hands free, lighted, hanging magnifier (Leading Extreme item number 2512+LB11). In his Declaration, Cameron asserts that Hawk's products referred to as "Infringing Magnifier," "Infringing Loupe," and "Infringing Hands Free Magnifier" copy the three Carson products and two of Carson's

design patents. Thus, the plaintiffs argue, Hawk's importation, distribution and sale of those products constitute a material breach of the Stipulation of Settlement and Order. deBrauwere also attests to Carson's compliance with the Notice requirements set out in the Stipulation of Settlement.

Mr. Cameron is the President of Carson Optical, the name under which Cameron International Trading is now doing business. He attests to the relevant patents and Carson's status as exclusive licensee for the patents, and includes copies of pages from Hawk's current catalogue picturing products that infringe Carson's rights and breach the Settlement Agreement. Infringing products were also reportedly sold at a Craft and Hobby Association trade show in California in January 2009.

The defendants were ordered by Judge Seybert to show cause "why the Court should not enter an Order granting Plaintiffs the relief they sought in their 4/13/09 motion to reopen this case." DE[36]. Hawk's only opposition is the Declaration of defendant Ram Baheti, the President of Hawk Importers, Inc.. DE[44]. Mr. Baheti says that he is a client of plaintiff Leading Extreme Optimist and a competitor of plaintiff Carson Optical. He denies having sold any of the three products at issue or any magnifier or optical device identified in the settlement stipulation. Specifically, he states that the pictures from his catalogue of magnifier products MG7613 and MG715AA were only there from February 15, 2009 to February 20, 2009 and that neither magnifier was sold during that time. DE[44] at ¶¶4-6. He denies having imported or sold the third product, MG2515 and denies any knowledge of the scheduled Order to Show Cause hearing until it was brought to his attention by an attorney he retained at the beginning of February. He mentions attempts at settlement and asks the court not to enter the plaintiffs' proposed order but to

allow more time to discuss settlement. Although Mr. Baheti states that his new counsel would file additional papers in response to the Order to Show Cause, no papers other than Baheti's affidavit were filed.

The Order to Show Cause Hearing was held before me on March 2, 2010. At the hearing, the plaintiffs submitted a copy of an email dated February 14, 2009 from Richard Cameron to a man named Bill Martocci. In it, Cameron asks Martocci to order allegedly infringing products from Hawk. The plaintiffs argue that the email demonstrates that Baheti's affidavit is perjurious, inasmuch as Cameron knew on the date of the email - February 14, 2009- or earlier, that the products were being offered by Hawk, while Baheti states that the products did not appear on their website until February 15, 2010.

Neither party introduced any witnesses, and the defendants offered no evidence other than Baheti's affidavit. Under these circumstances, the plaintiffs have established proof of the breach of the settlement agreement, and I recommend that an order be entered in the form proposed by the plaintiffs. Further, the plaintiffs should be awarded reasonable attorneys fees pursuant to the Stipulation of Settlement. If this Report and Recommendation is adopted, they shall file and serve documentation in support of the claimed fees. Further, if this Report and Recommendation is adopted, the District Court should set dates by which Hawk must produce the information and documentation listed in paragraphs 3 and 4 of the proposed order and set a briefing schedule for the damages calculations.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Any objections to this Report and Recommendation must be

filed with the Clerk of the Court within 14 days.  *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72;

Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to

appeal the District Court's Order.  *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov.

20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84

F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
March 24, 2010

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge